IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FILED
05 MAR 17 AM 11:47
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. - OS-194-WDS |
| v. | ) ) ) | COMPLAINT |
| MIDWEST RACKING MFG., INC. d/b/a MIDWEST RACK MFG., INC., | ) ) ) | |
| | ) | JURY TRIAL DEMAND |
| Defendant. | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to Victor McGruder who was adversely affected by such practices. The Commission alleges that Defendant harassed Victor McGruder because of his race, black, and terminated him because of his race and in retaliation for opposing unlawful employment practices in violation of Title VII.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Illinois.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant has continuously been a Missouri corporation doing business in the State of Illinois and the City of Madison, and has continuously had at least 15 employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.     More than thirty days prior to the institution of this lawsuit, Victor McGruder filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     Since at least September 1, 2003, Defendant has engaged in unlawful employment practices at its Madison, Illinois facility, in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a) and 3(a).  Defendant harassed Victor McGruder because of his race, black, by subjecting him to racial slurs and derogatory comments because of his race and in retaliation for his opposition to Defendant's harassment.  Defendant further discharged Victor McGruder because of his race and in retaliation for his opposition to Defendant's harassment.

8.    The effect of the practices complained of in paragraph 7 above has been to deprive Victor McGruder of equal employment opportunities and otherwise adversely affect his  status as an employee, because of his race.

9.    The unlawful employment practices complained of in paragraph 7 above were intentional.

10.    The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Victor McGruder.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant  its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in and any other employment practice which discriminates on the basis of race.

B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for African-Americans and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant to make whole Victor McGruder, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement.

D.    Order Defendant to make whole Victor McGruder, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including medical expenses, in amounts to be determined at trial.

E.    Order Defendant to make whole Victor McGruder by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F.    Order Defendant to pay Victor McGruder punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper in the public interest.

H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ROBERT G. JOHNSON
Regional Attorney

MELVIN D. KENNEDY
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
Robert A. Young Federal Bldg.
1222 Spruce, Room 8.100
St. Louis, MO 63103
(314) 539-7915