**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY** | ) | |
| **COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Cause No. 05-CV-194-WDS** |
| | ) | |
| **MIDWEST RACKING MFG., INC.** | ) | |
| **d/b/a MIDWEST RACK MFG., INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER OF DEFAULT JUDGMENT

In this Title VII race discrimination action, Victor McGruder alleges that he was subject to racial slurs during his one month of employment with defendant company, and that when he complained, he was discharged.  Defendant has not filed an answer or otherwise responded.

Upon default having been entered against Defendant Midwest Racking Manufacturing, Inc. d/b/a Midwest Rack Manufacturing, Inc. (hereinafter, "Midwest Rack") and pursuant to Plaintiff's Motion for Default Judgment, the Court having held a hearing on the matter on September 16, 2005, and evidence having been presented by the EEOC on the matter of damages suffered by Victor McGruder, it is hereby **ORDERED** that:

(1)　　Plaintiff's Motion for Default Judgment is **GRANTED**;

(2)　　Defendant Midwest Rack is liable to Victor McGruder for  $22,893.27  in back wages, less any amounts Defendant is required to withhold from employee wages under federal, state or local laws;

(3)　　The Court having determined from the testimony presented that Victor McGruder suffered emotional pain and suffering, Defendant is liable to Victor McGruder for $1,000.00 , in compensatory damages as allowed under 42 U.S.C. § 1981a(a)(1) and

(b)(3);[1] and

(4)    The Court having determined from the testimony presented and arguments from counsel that Defendant engaged in discriminatory practices with malice or reckless indifference to the federally protected rights of Victor McGruder, Defendant is liable to Victor McGruder for  $10,000.00  in punitive damages as allowed under 42 U.S.C. § 1981a(a)(1) and (b)(1).[2]

**IT IS FURTHER ORDERED** that Defendant Midwest Rack:

(5)    Is prohibited from further engaging in discriminatory conduct in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2 and 2000e-3;

(6)    Shall post and cause to remain posted the posters required to be displayed in the workplace by EEOC regulation 29 C.F.R. § 1601.30 in all facilities owned and operated by Defendant; and

(7)    For a period of three (3) years commencing upon the date of this Order, Defendant shall, within fifteen (15) days of receiving a complaint of racial harassment or discrimination, provide written notification to the EEOC's Regional Attorney, in its St. Louis District Office, of any such complaint made by any employee, including the name(s) of the complaining employee(s), a description of the investigation of the complaint(s), the finding of the investigation and a description of action taken and/or resolution of the complaint(s).

---

[1]The only evidence in the record relevant to the issue of compensatory damages is Victor McGruder's testimony that he is the type of person who becomes sick to his stomach upon hearing the word "nigger" (see, Tr. 9/16/05 at p.8), and that as a result of being called a  "special nigger" on two occasions,  his "self confidence took a hit" and he felt "humiliated." (See, *id.* at pp. 4, 8).  He did not seek medical assistance or incur medical expenses as a result of his month-long experience at defendant company.  (See, *id.* at p.8).  Based upon the evidence in the record, the Court finds that a compensatory damages award in an amount approximately equal to one month's salary is appropriate.

[2]In awarding punitive damages, the Court relies upon the testimony of Victor McGruder, who stated that after being called a "special nigger" by Michael Sabados, Senior, the general manager of the company, he reported the harassment to Rick Sabados, the president of the company, and was told that Rick was "aware that his father has the kind of behavior that I was talking about [namely, using the word "nigger"], but at the same time his father is his father, there is nothing he can do."  (See, Tr. 9/16/05, p. 4). In addition, Lucille Slater, investigator for the EEOC, testified that during her interview with Michael Sabados, Junior, he admitted that he was aware that black employees used the word "nigger" among themselves and that he took no action to correct the racial slurs.  (See, *id.* at p. 20). Michael Sabados, Senior, freely admitted to Slater his use of the word "nigger" but stated that he used it in a kidding manner. (See, *id.* at p. 21).  Subsequently, when Slater phoned the company to discuss the possible conciliation, Michael Sabados, Senior, answered her call and, according to Slater, ranted on the phone saying "nigger this, nigger that, they don't want to be called niggers."  (See, *id.* at p. 25).

There is sufficient evidence in the record for the Court to conclude that defendant company engaged in intentional discrimination "with malice or reckless indifference to the federally protected rights of" Victor McGruder.  42 U.S.C. § 1981a(b)(1).  In light of the amount of compensatory damages awarded in this case and the evidence in the record, the Court finds that a punitive damages award in the amount of $10,000.00 is appropriate.

**IT IS SO ORDERED.**

**Dated:** <u>September 21, 2005</u>     <u>  s/WILLIAM D. STIEHL  </u>
                  **United States District Judge**